Soheyl Tahsildoost (Bar No. 271294) (st@thetafirm.com)
THETA LAW FIRM, LLP
15901 Hawthorne Blvd., Ste. 270
Lawndale, CA 90260
Telephone: (424) 297-3103
Facsimile: (424) 286-2244

Attorneys for defendant Tesla, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KOLJA SCHLUETTER,<br><br>Plaintiffs,<br><br>vs.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-08235<br><br>**DEFENDANT TESLA, INC.'S (FORMERLY KNOWN AS TESLA MOTORS, INC.) NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Courtroom: 3<br>Judge: Hon. Richard Seeborg<br>Date: February 6, 2020<br>Time: 1:30 p.m.<br><br>Complaint Filed: November 12, 2019 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 6, 2020 at 1:30 p.m., in the United States District Court, Northern District of California, San Francisco Division, Courtroom 3, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Tesla, Inc. ("Tesla") will move, and hereby moves the Court for an order (i) compelling Plaintiff Kolja Schluetter to arbitrate his claims in accordance with his arbitration agreement with Tesla and (ii) staying or dismissing this action under 9 U.S.C. § 3.

1

**DEFENDANT TESLA, INC.'S (FORMERLY KNOWN AS TESLA MOTORS, INC.)
NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-08235**

This motion is to compel arbitration pursuant to a binding arbitration agreement entered into by the parties. This motion further seeks to stay or dismiss the action under 9 U.S.C. § 3. This motion is authorized by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and supported by the accompanying Memorandum of Points and Authorities, Request for Judicial Notice and exhibits thereto, Declaration of Soheyl Tahsildoost and exhibits thereto, Declaration of Raymond Kim and exhibits thereto, and proposed order; any reply memorandum that Tesla may file; all of the records on file in this action; and by such other written and oral argument as may be presented to the Court.

This motion was originally filed on December 26, 2019 to be heard in the United States District Court, Northern District of California, San Jose Division, Courtroom 2, located at 280 South 1st Street, San Jose, CA 95113. Per the Court's Notice of Reassignment of this matter from Magistrate Judge Virginia K. DeMarchi to District Court Judge Richard Seeborg, entered on January 7, 2020, this motion has been re-noticed and re-filed to be heard before the Honorable Judge Richard Seeborg.

DATED: January 10, 2020                    THETA LAW FIRM, LLP

                                           _____
                                           SOHEYL TAHSILDOOST
                                           Attorney for defendant Tesla Inc.

2

**DEFENDANT TESLA, INC.'S (FORMERLY KNOWN AS TESLA MOTORS, INC.)
NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-08235**

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

When Plaintiff Kolja Schluetter ("Plaintiff") purchased a 2018 Tesla Model X ("Vehicle") from Defendant Tesla, Inc. ("Tesla"), he signed a sales contract requiring him to resolve any disputes concerning the purchase or condition of the automobile by arbitration on an individual basis, if either party so elects. Here, on December 24, 2019 Defendant's counsel emailed Plaintiff's counsel requesting that Plaintiff stipulate to arbitration, but as of this motion Plaintiff has yet to respond to Defendant's request. (Decl. of Soheyl Tahsildoost ("Tahsildoost Decl.") ¶ 3.) Additionally, Defendant's counsel called Plaintiff's counsel on December 26, 2019 to ask again that they stipulate to arbitration, however Plaintiff's counsel has yet to respond. (*Id.*) The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, requires Plaintiff to honor his agreement.

Plaintiff's obligation to comply with Tesla's election for arbitration is undeniable, per the holdings of the U.S. Supreme Court and California Supreme Court's holding that the applicable law requires enforcement of an arbitration provision similar to the one found in Plaintiff's sales contract here. (See, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 335, 131 S. Ct. 1740, 1745 (2011) (U.S. Supreme Court holding "courts must place arbitration agreements on an equal footing with other contracts"); *Sanchez v. Valencia Holding Co.* (2015) 61 Cal.4th 899 (California Supreme Court holding that a standardized consumer arbitration provision was not unconscionable and was enforceable).) Indeed, the arbitration provision that Tesla seeks to enforce here is even more favorable to purchasers than the one upheld in *Sanchez*.

Plaintiff should be compelled to arbitrate his claims against Tesla in accordance with his arbitration agreement. In the meantime, this action should be stayed pursuant to Section 3 of the FAA (9 U.S.C. § 3; *accord* Code Civ. Proc. § 1281.4).

**BACKGROUND**

**A. Plaintiff's Arbitration Agreement**

On or about February 17, 2018, Plaintiff purchased a 2018 Tesla Model X from Defendant Tesla, Inc. (Plaintiff's Complaint at ¶ 7, Exhibit 2 to Tahsildoost Decl.; *see also* Request for Judicial Notice ("RJN").) On that day, Plaintiff and a Tesla representative signed a seven-page

3

1   "Retail Installment Sale Contract" (hereinafter "Sale Contract") (Kim Decl. ¶ 3 & Sale Contract,

2   Exhibit 1 to Kim Decl.)  A true and correct copy of Plaintiff's entire signed Sale Contract from

3   that purchase is attached as Exhibit 1 to the Declaration of Raymond Kim.  On the last page, which

4   is signed by Plaintiff, is a notice that reads: "**ARBITRATION PROVISION**" and "**PLEASE

5   REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS"** (Sale Contract, Exhibit 1

6   to Kim Decl., page 7).

   The arbitration provision provides:
   1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
   2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
   3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

(Sale Contract, Exhibit 1 to Kim Decl., page 7)

   Further, the arbitration provision provides that
   **Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. […]**

(*Id.*).

   "You" is defined as the purchaser, Kolja Schluetter, while "we" and "us" are defined as the sellers, Tesla Motors, Inc. and TD Auto Finance LLC. (Sale Contract, Exhibit 1 to Kim Decl., page 1.)

4

**DEFENDANT TESLA, INC.'S (FORMERLY KNOWN AS TESLA MOTORS, INC.)
NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-08235**

**B. Plaintiff's Lawsuit**

Plaintiff filed this lawsuit in the Superior Court of California, County of Santa Clara in November 2019 against Tesla. The lawsuit was removed to this California Northern District Court on December 18, 2019. Plaintiff alleges that Tesla is liable for: (1) "Violation of Subdivision (d) of Civil Code Section 1793.2"; (2) "Violation of Subdivision (b) of Civil Code Section 1793.2"; (3) "Violation of Subdivision (a)(3) of Civil Code Section 1793.2"; (4) "Breach of Express Written Warranty"; (5) "Breach of the Implied Warranty of Merchantability"; and (6) "Violation of the Magnuson-Moss Warranty Act". (collectively "Plaintiff's Allegations") (See ¶¶ 7-45 of Plaintiff's Complaint, Exhibit 2 to Tahsildoost Decl.) Plaintiff seeks actual damages, restitution, civil penalty, consequential and incidental damages, costs, attorney's fees, remedies pursuant to the California Song Beverly Consumer Warranty Act, Federal Magnuson-Moss Act, prejudgment interest, and other relief as the Court may deem proper. (*Id.* at pg. 8-9 of Plaintiff's Complaint.)

## ARGUMENT

**I.     The FAA Requires Compliance of Plaintiff's Agreement to Arbitrate with Tesla.**

Plaintiff's Allegations against Tesla must be arbitrated. The agreement to arbitrate appears twice in the Sale Contract, first on page 1 and again on page 7, both of which contain Plaintiff's signature. Further, all of Plaintiff's Allegations fall well within the scope of his agreement to arbitrate; "**Any claim or dispute, whether in contract, tort, statute or otherwise** (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), **between you and us** or our employees, agents, successors or assigns, **which arises out of or relates to your** credit application, **purchase** or condition of this vehicle, **this contract or any resulting transaction** or relationship (including any such relationship with third parties who do not sign this contract) **shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action**." (Emphasis added, Exhibit 1, Sale Contract, page 7, line 10-14). All of the Plaintiff's claims are statutory. All of Plaintiff's claims are made under the Song Beverly Consumer Warranty Act and Magnuson-Moss Act, which create statutory claims arising out of purchases made by consumers of vehicles and other goods.

5

1  Plaintiff's claims on their face arise directly out of Plaintiff's purchase of the subject Vehicle,
2  and allegations that the vehicle subsequently had defects which were not conformed to warranty.
3  Such claims therefore fall squarely within the scope of the binding arbitration provision.
4  Plaintiff's claims are all based on statutory violations in connection with the sale of the Vehicle,
5  the very transaction which the arbitration provision is meant to cover.

6  Further, although there is zero uncertainty as to whether Plaintiff's claims should be
7  subject to arbitration, if there was a doubt, the Supreme Court has held that, "as a matter of
8  federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of
9  arbitration." (*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* (1983) 460 U.S. 1, 24-25;
10 *accord, e.g.*, *Sandquist v. Lebo Auto., Inc.* (2016) 1 Cal.5th 233, 255 (quoting *Moses H. Cone*).).

11 The FAA requires enforcement of Plaintiff's arbitration agreement. The FAA applies to
12 any arbitration agreement that is "written" and in a contract "evidencing a transaction involving
13 commerce." (9 U.S.C. § 2.) Both criteria are met here: (i) the arbitration provision is in writing
14 (*see* Sale Contract, Exhibit 1 to Kim Decl., page 7), and (ii) automotive sale contracts necessarily
15 involve interstate commerce, because even when used intra-state, "cars are themselves
16 instrumentalities of interstate commerce." (*United States v. Oliver* (9th Cir. 1995) 60 F.3d 547,
17 550; see also *Sanchez*, 61 Cal.4th at 906 (applying FAA to similar automotive sales contract).)
18 Indeed, the arbitration provision specifies that "this arbitration provision shall be governed by the
19 Federal Arbitration Act (9 U.S.C. §§ 1, et seq.)" (Sale Contract, Exhibit 1 to Kim Decl., page 7)

20 Under the FAA, Plaintiff's arbitration agreement is "valid, irrevocable, and enforceable,
21 save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C.
22 § 2.) As the U.S. Supreme Court has explained, "[t]he overarching purpose of the FAA . . . is to
23 ensure the enforcement of arbitration agreements according to their terms so as to facilitate
24 streamlined proceedings." (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 344). And
25 this "liberal federal policy favoring arbitration agreements" applies "notwithstanding any state
26 substantive or procedural policies to the contrary." (*Id.* at 346 (quotation marks omitted);
27 *accord*, *e.g.*, *Murphy v. DirecTV, Inc.* (9th Cir. 2013) 724 F.3d 1218, 1225.) The FAA not only
28

6

"preempts any state rule discriminating on its face against arbitration—for example, a 'law prohibit[ing] outright the arbitration of a particular type of claim'," but also "displaces any rule that covertly accomplishes the same objective by disfavoring contracts that . . . have the defining features of arbitration agreements." (*Kindred Nursing Centers v. Clark* (U.S. May 15, 2017) 2017 WL 2039160, at*4.)

Here, no grounds "exist at law or in equity for the revocation of [Plaintiff's arbitration agreement]". (9 U.S.C. § 2). Any contention, for instance, that the arbitration provision is unconscionable would squarely conflict with binding precedent from both the California and United States Supreme Courts.

Indeed, the California Supreme Court's decision in *Sanchez* leaves no doubt that the arbitration agreement in this case is fully enforceable. In *Sanchez*, the Court upheld the entirety of a substantially similar arbitration provision against a wide array of unconscionability challenges. (61 Cal.4th at 913-24.) *Sanchez* arose from the plaintiff's purchase of a used Mercedes-Benz from a California auto dealer—a "high-end luxury item" purchased for approximately $53,500 (*id.* at 907, 921), half of the purchase price of Plaintiff's Vehicle. Like Plaintiff here, the plaintiff in *Sanchez* signed a standard, preprinted form contract containing an arbitration provision—the terms of which are similar to those at issue in this case. (*Compare id.* at 907-08 *with* Sale Contract, Exhibit 1 to Kim Decl., page 7)

In upholding the enforceability of the arbitration agreement; the California Supreme Court rejected a number of unconscionability arguments raised by the plaintiff in that case:

- The defendant "was under no obligation to highlight the arbitration clause of its contract, nor was it required to specifically call that clause to [plaintiff's] attention"; indeed, the Court explained, "[a]ny state law imposing such an obligation would be preempted by the FAA." (61 Cal.4th at 914 (citing *Doctor's Assocs., Inc. v. Casarotto* (1996) 517 U.S. 681, 684, 687-88).)
  - In any event, in this case, the arbitration clause was set off in its own text box and prominently displayed on page 7 (as well as on page 2) of the Sale

7

**DEFENDANT TESLA, INC.'S (FORMERLY KNOWN AS TESLA MOTORS, INC.)
NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-08235**

        Contract, as well as a sentence in the heading of the clause stating "PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS." (*See, Sale Contract*, Exhibit 1 to Kim Decl.)

- The provision requiring the seller to "advance the car buyer's filing, administration, service, and case management fees and arbitrator or hearing fees 'up to a maximum of $2,500, which may be reimbursed' at the arbitrator's discretion" was not unconscionable. Although the Court of Appeal had held that the provision was inadequate in connection with the arbitration appeal process, the Supreme Court rejected that argument, noting that California has statutory protections waiving all arbitration fees for indigent consumers and that plaintiff had failed to demonstrate that the appellate arbitration filing fees were unaffordable for his purchase of a "high-end luxury item." (*Id.* at 917-21.)
  - Notably, in this case, the consumer is not required to advance fees, as the arbitration provision states "We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000 […]" (*See* Sale Contract, Exhibit 1 to Kim Decl., page 7, line 23-24.)
- Finally, in light of *Concepcion*, the FAA preempted any state-law holding that the class-action waiver was unconscionable. (*Sanchez, supra,* 61 Cal.4th at 923-24.)
  - Such a provision is also included in the arbitration agreement between Plaintiff and Tesla. (Sale Contract, Exhibit 1 to Kim Decl., page 7.)

It is clear the arbitration provisions in the Sale Contract between Plaintiff and Tesla are even more consumer-friendly than those in the agreement upheld in *Sanchez*.

**II.     Plaintiff's Claims Should Be Stayed or Dismissed Pending Arbitration.**

When, as here, the parties expressly "adopt the FAA . . . to govern their arbitration," "[t]he FAA controls, including section 3 which requires the court to stay the judicial proceeding and compel arbitration." (*Rodriguez v. Am. Technologies, Inc.* (2006) 136 Cal.App.4th 1110,

8

1122; *see also* 9 U.S.C. § 3 (providing for a stay of court proceedings pending the resolution of arbitration).)[1]  Further, the court has the option of dismissing the case under 9 U.S.C. § 3, as it has been held that where all the claims are arbitrable, a district court may stay the action pending arbitration or dismiss the action.  (Sparling v. Hoffman Const. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988)).  Similarly, the Northern District of California held in *Nicolas Molina v. Scandinavian Designs, Inc.*, with respect to a motion to compel arbitration, that a dismissal is appropriate in a case such as this, as: "No efficiencies would be achieved if this case were to remain on the docket . . . . [and] even if the parties seek confirmation of the award, [a]ny post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy. . . ." (Molina v. Scandinavian Designs, Inc. (N.D. Cal., Apr. 21, 2014, No. 13-CV-04256 NC) 2014 WL 1615177, at *11); (Anderson Plant, LLC v. Batzer Const., Inc., No. 13-cv-02109, 2014 WL 800293, at *5 (E.D. Cal. Feb. 27, 2014) (internal quotation marks omitted)); see (DeMartini v. Johns, No. 12-cv03929 JCS, 2012 WL 4808448, at *6 (N.D. Cal. Oct. 9, 2012) (dismissing case where all claims were subject to arbitration)); (Lewis v. UBS Fin. Servs. Inc., 818 F. Supp. 2d 1161, 1169 (N.D. Cal. 2011) (same)).

## **CONCLUSION**

The Court should grant Tesla's motion and order that Plaintiff's claims be arbitrated in accordance with his arbitration agreement and stay or dismiss the case pursuant to 9 U.S.C. § 3.

DATED: January 10, 2020     THETA LAW FIRM, LLP

_____
SOHEYL TAHSILDOOST
Attorney for defendant Tesla Inc

---

[1] The arbitration provision makes clear that the parties intended the FAA to govern not only the actual arbitration proceeding, but also court proceedings related to the arbitration.  It provides, for instance, that "[a]ny award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act."  (Kim Decl. Ex. 1 at 7.)

9

**DEFENDANT TESLA, INC.'S (FORMERLY KNOWN AS TESLA MOTORS, INC.)
NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-08235**

**PROOF OF SERVICE**
**(FRCP 4(l); Code Civ. Proc., § 1013a(3) Revised 5-1-88)**

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred. My business address is 15901 Hawthorne Blvd., Suite 270, Lawndale, CA 90260. On **January 10, 2020**, I served the following documents described as **DEFENDANT TESLA, INC.'S (FORMERLY KNOWN AS TESLA MOTORS, INC.) NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** on interested parties in this action by placing original/true copies thereof in sealed envelopes addressed as follows:

| |
|---|
| Tionna Dolin<br>Strategic Legal Practices, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067<br>(310) 929-4900 Phone<br>(310) 943-3838 Fax |

☒  BY MAIL: I deposited such envelope in the mail at Lawndale, California. The envelope was mailed with proper postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Said mailing is deposited with the United States Postal Service on that same day in the ordinary course of business and there is delivery service by United States mail at the place so addressed. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  BY PERSONAL SERVICE: I delivered such envelope by hand to the individual(s) listed on the above service list.

☐  BY ELECTRONIC TRANSMISSION: I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐  BY FACSIMILE TRANSMISSION: I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon. The telephone number on the facsimile machine I used is (424) 286-2244. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine. Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐  BY OVERNIGHT DELIVERY: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **January 10, 2020** at Lawndale, California.

_____
Steven Correa

10

**DEFENDANT TESLA, INC.'S (FORMERLY KNOWN AS TESLA MOTORS, INC.)
NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-08235**