Tionna Dolin (SBN 299010)
e-mail: tdolin@slpattorney.com
**STRATEGIC LEGAL PRACTICES**
**A PROFESSIONAL CORPORATION**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone:  (310) 929-4900
Facsimile:   (310) 943-3838

Hallen David Rosner (SBN 109740)
e-mail: hal@rbblawgroup.com
**ROSNER, BARRY & BABBIT, LLP**
10085 Carroll Canyon Road, Suite 100
San Diego, CA 92131
Telephone:  (858) 348-1005
Facsimile:   (858) 348-1150

Attorneys for Plaintiff,
KOLJA SCHLUETTER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOLJA SCHLUETTER,<br><br>　　　　Plaintiff,<br><br>  vs.<br><br><br>TESLA, INC. d/b/a TESLA MOTORS, INC.; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 3:19-CV-08235<br><br>**OPPOSITION TO TESLA MOTORS, INC'S MOTION TO COMPEL BINDING ARBITRATION**<br><br>Courtroom: 3<br>Judge:　Hon. Richard Seeborg<br>Date:　February 6, 2020<br>Time:　1:30 p.m |

This opposition was originally filed on January 9, 2020 in connection with Defendant Tesla's First Notice of Motion to Compel Binding Arbitration set for for hearing in Courtroom 2, with Magistrate Judge Virginia K. DeMarchi. Per the subsequent transfer of the matter and Second Notice of Motion resetting the hearing for February 6, 2020 in Courtroom 3 with Judge Richard Seeborg, this opposition is being re-filed to be heard before the Honorable Judge Richard Seeborg.

## I. PLAINTIFF AGREES TO ARBITRATION

Plaintiff agrees to arbitration before JAMS. Plaintiff requested Defendant agree to JAMS in an email sent January 6, 2020. To date there has been no agreement to this request. Please see Dolin declaration.

## II. THE SUBJECT CONTRACT ALLOWS PLAINTIFF TO SELECT THE ARBITRATION FORUM

Defendant left out of their briefing the arbitration forum selection provision. Page 7 of Exhibit 1 to the Kim declaration provides the consumers may choose any organization to conduct the arbitration. "You may choose the American Arbitration Association, . . . or any other organization to conduct the arbitration subject to our approval."

Plaintiff selects JAMS and Defendant has not agreed to this election. The matter should be sent to JAMS and stayed pending arbitration completion.

## III. MEET AND CONFER ATTEMPTS

Plaintiff requested to use JAMS on January 6, 2020. Dolin Decl. ¶¶ 3-4, Ex. 1. In response, Defendant proposed AAA because it is purportedly more cost effective. *Id.* Plaintiff advised that per *Sanchez v. Valencia Holding Co.* (2015) 61 Cal.4th 899, cost was not a consideration. Moreover, AAA does not allow for discovery and overwhelmingly favors manufacturers in consumer vehicle cases. Plaintiff reiterated her JAMS request. Dolin Decl. Dolin Decl. ¶¶ 3-4, Ex. 1. Defendant responded proposing ADR Services, Inc., claiming JAMS is "overly

1

**OPPOSITION TO TESLA MOTORS, INC'S MOTION TO COMPEL BINDING ARBITRATION**

expensive." *Id.* Thereafter, Defendant confirmed that Tesla would not approve JAMS and stood by its preference for ADR Services, Inc.

However, as Plaintiff explained, ADR Services Inc. does not have consumer arbitration rules and is not cost effective. Dolin Decl. Dolin Decl. ¶¶ 3, 6, Ex. 1.; see also, Dolin Decl. ¶ 7, Ex. 2. While Defendant seeks to require Plaintiff to pay for half of the arbitration costs by forcing the matter into arbitration before AAA or ADR Services, Inc., Plaintiff is a beneficiary of a statutory scheme that requires one party to pay for the service of the judicial forum and thus, should not be forced to pay for the services of an arbitrator, undermining Congress' intent.

Defendant purports that its proposed arbitration would be covered by Tesla because of a portion of the agreement whereby it would cover half of the first $5,000 of arbitration costs, "unless the law or the rules of the chosen arbitration organization require us to pay more" justifies its choice. *See* Dolin Decl. ¶¶ 3, 7-8, Ex. 1.

Yet, this further illuminates the problem: The issue is if / when the costs and fees exceed $5,000, Plaintiff will bear at least 50% unless the arbitration requires otherwise. Tesla's proposed arbitration does not require otherwise, while Plaintiff's does. The agreement is therefore misleading. It appears Tesla knew it did not want to use JAMS, but did not disclose that in the arbitration agreement. *See* Dolin Decl. ¶¶ 3, 7-8, Ex. 1.

Finally, for these reasons and Tesla's failure to evaluate Plaintiff's request to use JAMS in good faith the consumer's choice of arbitration is illusory and unconscionable.

//
//
//
//
//
//

## IV.   CONCLUSION

Defendant has failed to evaluate Plaintiff's choice of arbitration in good faith. Plaintiff respectfully requests the Court send the matter to JAMS and stay the case pending arbitration completion.

Dated: January 24, 2020

                                        */s/ Tionna Dolin*
                                        Tionna Dolin
                                        Attorney for Plaintiff
                                        KOLJA SCHLUETTER

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Los Angeles, California; my business address is Strategic Legal Practices, 1840 Century Park East, Suite 430, Los Angeles, CA 90067.

On the date below, I served a copy of the foregoing document entitled:

**OPPOSITION TO TESLA MOTORS, INC'S MOTION TO COMPEL BINDING ARBITRATION**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Los Angeles, California on January 24, 2020.

_____
Lauren Wageman