Soheyl Tahsildoost (Bar No. 271294) (st@thetafirm.com)
THETA LAW FIRM, LLP
15901 Hawthorne Blvd., Ste. 270
Lawndale, CA 90260
Telephone: (424) 297-3103
Facsimile: (424) 286-2244

Attorneys for defendant Tesla, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KOLJA SCHLUETTER,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC., and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 3:19-cv-08235<br><br>**DECLARATION OF SOHEYL TAHSILDOOST IN SUPPORT OF DEFENDANT TESLA, INC.'S (FORMERLY KNOWN AS TESLA MOTORS, INC.) REPLY**<br><br>Courtroom: 3<br>Judge:　Hon. Richard Seeborg<br>Date:　February 6, 2020<br>Time:　1:30 p.m.<br><br>Complaint Filed:　November 12, 2019 |

TO THE COURT AND TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:

Defendant Tesla, Inc. submits the following declaration in support of its Reply.

///

///

///

///

///

---

1

**DECLARATION OF SOHEYL TAHSILDOOST IN SUPPORT OF DEFENDANT TESLA, INC.'S (FORMERLY KNOWN AS TESLA MOTORS, INC.) REPLY - 3:19-cv-08235**

I, Soheyl Tahsildoost, declare:

1. I am an attorney at law licensed to practice before the courts of the state of California and the Northern District of California. I am a Partner at Theta Law Firm, LLP, attorneys of record for Defendant TESLA, INC., fka TESLA MOTORS, INC. in this matter. I am aware of the following of my own personal knowledge and of my review of the file in this matter, and if called as a witness, could and would testify competently thereto.

2. Attached as Exhibit "3" to this Declaration is a true and correct copy of email correspondences between Plaintiff's counsel, Tionna Dolin, and I regarding arbitration of this matter.

I declare under penalty of perjury of the laws of the state of California that the foregoing is true and correct to the best of my personal knowledge.

DATED: January 31, 2020         THETA LAW FIRM, LLP

_____
SOHEYL TAHSILDOOST
Attorney for defendant Tesla Inc.

# EXHIBIT 3

**Subject:**  FW: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL] Schleutter v. Tesla

**From:** Soheyl Tahsildoost [mailto:st@thetafirm.com]
**Sent:** Wednesday, January 8, 2020 6:58 PM
**To:** 'Tionna Dolin' <tdolin@slpattorney.com>
**Cc:** 'Ali Ameripour' <ali@thetafirm.com>
**Subject:** RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]Schleutter v. Tesla

Tionna,

#1) Your client agreed to this provision.  He is bound by it.  He should therefore comply with it.  Again, Tesla is and will continue to comply.
#2) It very clearly states how costs would be divided.  Your suggestion that this was not disclosed is contradicted by the bolded language below.
#3) The language says "subject to our approval".  That means Tesla does have a say as to the arbitration, despite your best efforts to argue otherwise.  Does your client dispute the plain language of the contract he is bound by?
#4) You suggest that "Tesla knew it would not agree to JAMS." First, I never said this, so I'm not sure how you came to this conclusion.  Second, Tesla has *every right* under the arbitration clause below to refuse JAMS.  Is it your client's position that the language doesn't allow Tesla the right of approval?
#5) You insist on throwing unsupported accusations against Tesla, but Tesla appears to be the only party willing to compromise and work towards a resolution.  JAMS is not the only arbitration organization in California.  How about Judicate West?  I can propose that to Tesla.

Thanks,

--
Soheyl Tahsildoost, Esq.
The**ta** Law Firm, LLP
15901 Hawthorne Blvd.
Suite 270
Lawndale, CA 90260
**T**  424.297.3103
**F**  424.286.2244
**W**  thetafirm.com

CONFIDENTIAL COMMUNICATIONS
This information is intended for use by the individuals or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and delete the material.

**From:** Tionna Dolin <tdolin@slpattorney.com>
**Sent:** Wednesday, January 08, 2020 6:28 PM
**To:** Soheyl Tahsildoost <st@thetafirm.com>
**Cc:** 'Ali Ameripour' <ali@thetafirm.com>
**Subject:** RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]Schleutter v. Tesla

Exactly. The issue is if the costs / fees exceed $5,000, Plaintiff will bear at least 50% unless the arbitration requires otherwise. Tesla's proposed arbitration does not require otherwise, while Plaintiff's does. The agreement is misleading and so is your meet and confer regarding this provision. It appears Tesla knew it did not want to use JAMS. If Tesla knew it would not agree to JAMS, that should have been identified in your arbitration agreement. Why was that not expressly stated?

Tionna Dolin
**Strategic Legal Practices**
**A Professional Corporation**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Tel: (310) 929.4900
Fax: (310) 943.3838
tdolin@slpattorney.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original and any copies of this message and any attachments attached to it.

---

**From:** Soheyl Tahsildoost <st@thetafirm.com>
**Sent:** Wednesday, January 08, 2020 6:22 PM
**To:** Tionna Dolin <tdolin@slpattorney.com>
**Cc:** 'Ali Ameripour' <ali@thetafirm.com>
**Subject:** [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]Schleutter v. Tesla

Tesla will pay the arbitration fees per the arbitration clause agreed to by the parties, which provides:

**We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law.**

Tesla will comply with that provision.

Regarding arbitrator selection, the arbitration clause provides:

**You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval.**

You've rejected AAA. Tesla does not approve JAMS here, which is Tesla's right under the contract. I proposed an alternative, which you have again rejected. The covenant of good faith and fair dealing requires that the parties work towards accomplishing the original intent of this agreement. To that end, since you have rejected a reasonable compromise, please provide an alternative proposal.

--
Soheyl Tahsildoost, Esq.
Theta Law Firm, LLP
15901 Hawthorne Blvd.
Suite 270

Lawndale, CA 90260
T  424.297.3103
F  424.286.2244
W  thetafirm.com

CONFIDENTIAL COMMUNICATIONS
This information is intended for use by the individuals or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and delete the material.

**From:** Tionna Dolin <tdolin@slpattorney.com>
**Sent:** Wednesday, January 08, 2020 6:18 PM
**To:** Soheyl Tahsildoost <st@thetafirm.com>
**Cc:** 'Ali Ameripour' <ali@thetafirm.com>
**Subject:** RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]Schleutter v. Tesla

In addition, ADR Services Inc. does not have consumer arbitration rules. JAMS does. Let us know whether Tesla will reconsider.

Tionna Dolin
**Strategic Legal Practices**
**A Professional Corporation**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Tel: (310) 929.4900
Fax:  (310)  943.3838
tdolin@slpattorney.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original and any copies of this message and any attachments attached to it.

**From:** Tionna Dolin
**Sent:** Wednesday, January 08, 2020 6:14 PM
**To:** Soheyl Tahsildoost <st@thetafirm.com>
**Cc:** 'Ali Ameripour' <ali@thetafirm.com>
**Subject:** RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]Schleutter v. Tesla

Counsel,

Tesla's proposed arbitration is not cost effective as it would require Plaintiff to pay 50% of the costs. This was not disclosed in Tesla's arbitration clause. Further, Tesla's failure to evaluate Plaintiff's request to use JAMS in good faith renders the consumer's choice of arbitration illusory and unconscionable. We request Tesla reconsider the request.

Best,
Tionna Dolin
**Strategic Legal Practices**
**A Professional Corporation**
1840 Century Park East, Suite 430

Los Angeles, CA 90067
Tel: (310) 929.4900
Fax: (310) 943.3838
tdolin@slpattorney.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original and any copies of this message and any attachments attached to it.

**From:** Soheyl Tahsildoost <st@thetafirm.com>
**Sent:** Tuesday, January 07, 2020 10:44 PM
**To:** Tionna Dolin <tdolin@slpattorney.com>
**Cc:** 'Ali Ameripour' <ali@thetafirm.com>
**Subject:** [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]Schleutter v. Tesla

Tionna,

The contract requires that Tesla approve. Tesla does not want to use JAMS. I propose a reasonable compromise be made like ADR Service, Inc. Neither side will be 100% happy, but that's the point of compromise. Please provide an alternative proposal if my suggestion does not suit you.

Thanks,

--
Soheyl Tahsildoost, Esq.
Theta Law Firm, LLP
15901 Hawthorne Blvd.
Suite 270
Lawndale, CA 90260
**T** 424.297.3103
**F** 424.286.2244
**W** thetafirm.com

CONFIDENTIAL COMMUNICATIONS
This information is intended for use by the individuals or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and delete the material.

**From:** Tionna Dolin <tdolin@slpattorney.com>
**Sent:** Monday, January 6, 2020 6:46 PM
**To:** Soheyl Tahsildoost <st@thetafirm.com>
**Cc:** Ali Ameripour <ali@thetafirm.com>
**Subject:** Re: [EXTERNAL]RE: [EXTERNAL]RE: [EXTERNAL]Schleutter v. Tesla

Soheyl,

If Tesla cares about costs, the most cost effective venue is the court system. However, if Tesla is truly giving Plaintiff a choice of selecting the arbitration form, we again request Jams.

Please advise.

Best,
Tionna

Sent from my iPhone

> On Jan 6, 2020, at 5:40 PM, Soheyl Tahsildoost <st@thetafirm.com> wrote:
>
> Tionna,
>
> The only result I've heard of recently is that Tesla lost at AAA, so I disagree that the entire organization somehow has some kind of bias. Regarding discovery, we can stipulate that our AAA discovery will allow discovery per CCP.
>
> If that still is not acceptable, then I would suggest an association like ADR Service, Inc., which has retired judges, but is not as overly expensive as JAMS. If that's an alternative you'd be interested in, let me know and I can ask Tesla if they'd agree.
>
> Thanks,
>
> --
> Soheyl Tahsildoost, Esq.
> Theta Law Firm, LLP
> 15901 Hawthorne Blvd.
> Suite 270
> Lawndale, CA 90260
> T   424.297.3103
> F   424.286.2244
> W   thetafirm.com
>
> CONFIDENTIAL COMMUNICATIONS
> This information is intended for use by the individuals or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and delete the material.
>
> **From:** Tionna Dolin <tdolin@slpattorney.com>
> **Sent:** Monday, January 06, 2020 5:30 PM
> **To:** Soheyl Tahsildoost <st@thetafirm.com>
> **Cc:** Ali Ameripour <ali@thetafirm.com>
> **Subject:** Re: [EXTERNAL]RE: [EXTERNAL]Schleutter v. Tesla
>
>
> Soheyl,

The Supreme Court in Sanchez v. Valencia Holding Corp. made it clear that cost was not a consideration. Moreover, AAA overwhelmingly rules in favor manufacturers in these types of cases (e.g. consumer vehicle cases). Also, AAA does not allow for any discovery.

Accordingly, we again reiterate our request to have this matter arbitrated by Jams. Please advise.

Best,
Tionna

Sent from my iPhone

> On Jan 6, 2020, at 4:31 PM, Soheyl Tahsildoost <st@thetafirm.com> wrote:
>
> Tionna,
>
> JAMS is far more expensive than AAA in my experience. Bearing in mind that the arbitrator has discretion in awarding costs, I think it's in the interest of both parties to try to keep the arbitration fees to a reasonable number. Is there any particular reason you're opposed to AAA?
>
> Best,
>
> --
> Soheyl Tahsildoost, Esq.
> Theta Law Firm, LLP
> 15901 Hawthorne Blvd.
> Suite 270
> Lawndale, CA 90260
> **T**  424.297.3103
> **F**  424.286.2244
> **W**  thetafirm.com
>
> <u>CONFIDENTIAL COMMUNICATIONS</u>
> This information is intended for use by the individuals or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and delete the material.
>
>> **From:** Tionna Dolin <tdolin@slpattorney.com>
>> **Sent:** Monday, January 06, 2020 9:54 AM
>> **To:** Soheyl Tahsildoost <st@thetafirm.com>
>> **Cc:** 'Ali Ameripour' <ali@thetafirm.com>
>> **Subject:** RE: [EXTERNAL]Schleutter v. Tesla

Counsel,

Will Tesla agree to use JAMS?

Best,
Tionna Dolin
**Strategic Legal Practices**
**A Professional Corporation**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Tel: (310) 929.4900
Fax: (310) 943.3838

tdolin@slpattorney.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original and any copies of this message and any attachments attached to it.

**From:** Soheyl Tahsildoost <st@thetafirm.com>
**Sent:** Tuesday, December 24, 2019 6:05 PM
**To:** Tionna Dolin <tdolin@slpattorney.com>
**Cc:** 'Ali Ameripour' <ali@thetafirm.com>
**Subject:** [EXTERNAL]Schleutter v. Tesla

Tionna,

My office represents Tesla in the above-referenced action. Please advise whether your client will stipulate to binding arbitration per the terms of the RISC and other purchase terms/conditions.

Thank you,

--
Soheyl Tahsildoost, Esq.
Theta Law Firm, LLP
15901 Hawthorne Blvd.
Suite 270
Lawndale, CA 90260
**T**   424.297.3103
**F**   424.286.2244
**W**  thetafirm.com

CONFIDENTIAL COMMUNICATIONS
This information is intended for use by the individuals or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and delete the material.

# PROOF OF SERVICE
### (FRCP 4(l); Code Civ. Proc., § 1013a(3) Revised 5-1-88)

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred. My business address is 15901 Hawthorne Blvd., Suite 270, Lawndale, CA 90260. On **January 31, 2020**, I served the following documents described as **DECLARATION OF SOHEYL TAHSILDOOST IN SUPPORT OF DEFENDANT TESLA, INC.'S MOTION TO COMPEL BINDING ARBITRATION** on interested parties in this action by placing original/true copies thereof in sealed envelopes addressed as follows:

| Tionna Dolin<br>Strategic Legal Practices, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067<br>(310) 929-4900 Phone<br>(310) 943-3838 Fax<br>tdolin@slpattorney.com | Hallen David Rosner<br>Rosner, Barry & Babbit, LLP<br>10085 Carroll Canyon Road, Suite 100<br>San Diego, CA 92131<br>(858) 348-1005<br>(858) 348-1150<br>hal@rbblawgroup.com |
|---|---|

☐ BY MAIL: I deposited such envelope in the mail at Lawndale, California. The envelope was mailed with proper postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Said mailing is deposited with the United States Postal Service on that same day in the ordinary course of business and there is delivery service by United States mail at the place so addressed. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I delivered such envelope by hand to the individual(s) listed on the above service list.

☒ BY ELECTRONIC TRANSMISSION: I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐ BY FACSIMILE TRANSMISSION: I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon. The telephone number on the facsimile machine I used is (424) 286-2244. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine. Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐ BY OVERNIGHT DELIVERY: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **January 31, 2020** at Lawndale, California.

_____
Steven Correa

3

**DECLARATION OF SOHEYL TAHSILDOOST IN SUPPORT OF DEFENDANT TESLA, INC.'S (FORMERLY KNOWN AS TESLA MOTORS, INC.) REPLY - 3:19-cv-08235**